IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EDUIN YONATAN VASQUEZ PEREZ, | ) | |
| Petitioner, | ) | |
| v. | ) | 1:26-cv-1989 (AJT-WEF) |
| DAVID VENTURELLA, *et al.*, | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Eduin Yonatan Vasquez Perez's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), filed on July 6, 2026.

Petitioner is a native and citizen of Honduras, who entered the United States without inspection approximately seven years ago. [Doc. No. 1] ¶ 24. Petitioner has been granted Special Immigrant Juvenile Status, based on which an Immigration Judge dismissed his removal proceedings on November 21, 2025. *Id.* ¶ 27. On June 30, 2026, Petitioner was arrested and detained by immigration authorities, following which he was transferred to the Caroline Detention Center, where he remains detained without any opportunity to post bond. *Id.* ¶¶ 28–30.

On July 8, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford*, No. 1:25-CV-01565-AJTWBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond

hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED** and it is hereby

**ORDERED** that Petitioner be immediately released from custody with all his personal property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and file that address to the Court under seal within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Respondents are ENJOINED from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to forward a copy of this Order to counsel of record and to terminate this case.

July 8, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge